UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 2:14-cr-83-DBH |
| v. | ) |
| | ) **VIOLATIONS:** |
| F. WILLIAM MESSIER and | ) Title 18 U.S.C. Section 371 |
| DAVID EVERETT ROBINSON | ) Title 26 U.S.C. Sections 7212(a), 7203 |

## INDICTMENT

The Grand Jury charges:

## INTRODUCTION

1. At all times relevant to this indictment,

    a. The Internal Revenue Service ("IRS") is an agency of the United States Department of Treasury responsible for administering the tax laws, including the ascertainment, computation, assessment and collection of taxes, including income taxes.

    b. A Form 1099 is an IRS Form that payors file with the IRS and with the recipient to report different types of taxable income paid to a recipient.

    c. A levy is an IRS collection tool that enables the IRS to collect outstanding taxes due from a delinquent taxpayer through third party payors.

### F. William Messier

    d. Beginning in at least 1999, Defendant F. William Messier owned property located in Brunswick, Maine.

    e. Defendant Messier, sometimes doing business as Oak Hill Communications, developed his Brunswick property, known as Tower Lane, by among other things, building a road and by constructing radio transmission towers. Defendant Messier later built two homes on his Tower Lane property, one of which was his personal residence.

f.  Defendant Messier received income from customers who placed antennae on his communication towers and other equipment on his property.  He also received income from customers by providing access to Tower Lane so they could construct and maintain their own towers or place related communications equipment on his property.   Some customers reported income paid to Defendant Messier on Forms 1099 that were sent to Messier and filed with the IRS.

g.  During 2006 through 2012, while a resident of Brunswick, Maine, Defendant Messier received gross income that totaled approximately $676,686.  His gross income in each of these years exceeded the legal threshold that required him to file a federal income tax return.

h.  Defendant Messier failed to file any income tax returns (Forms 1040) for the calendar years 2000 through 2012, and failed to pay any federal income taxes.  In fact, Defendant Messier last filed a Form 1040 in 1997 when he filed his 1996 income tax return.

i.  Beginning in 2006, the IRS assessed Defendant Messier for the tax due for the calendar years 2000 through 2004.  As of February 2012, the tax assessment for that period was $172,094.42, which represented the amount of outstanding taxes, and interest and penalties due from Messier to the United States Treasury.

j.  In about February 2012, the IRS issued a Notice of Levy regarding Defendant Messier stating that the IRS intended to begin collection action to collect the outstanding amount of $172,094.42, for tax periods 2000 through 2004.

k.  In about February 2012, the IRS issued a Notice of Levy to Defendant Messier's customers which required customers to turn over to the IRS the funds that they would have paid to Defendant Messier for the use of Tower Lane.

<u>David E. Robinson</u>

l.  Defendant David Everett Robinson was a resident of Brunswick, Maine in the District of Maine.

m.  "Maine Republic Free State" was an entity to which defendant Messier attempted to assign his assets.

n.  Defendant Robinson often referred to himself as the "Interim Attorney General for the Maine Republic Free State." Defendant Robinson advocated that people not pay state and federal taxes.

o.  Beginning in about February 2012, Defendants Messier and Robinson sent and caused to be sent threatening and harassing communications to the customers of Defendant Messier. The defendants admonished the customers not to comply with the IRS Notice of Levy and not to cooperate with the IRS. The defendants threatened to sue the customers who sent funds owed to Defendant Messier to the U.S. Treasury as requested by the Notice of Levy and falsely claimed that Defendant Messier's customers were committing crimes and breaking the law by complying with the IRS Notice of Levy.

## COUNT ONE
(Corruptly endeavoring to impede administration of the tax laws -- 26 U.S.C. § 7212(a))

2.  The allegations set forth in paragraph 1, with the exception of paragraphs 1(l),1(n) and 1(o), are realleged and incorporated as if fully set forth herein.

3.  Beginning in or around January 1, 1999 and continuing thereafter up to April 15, 2013, in the District of Maine and elsewhere, the Defendant,

**F. WILLIAM MESSIER,**

did corruptly endeavor to obstruct and impede the due administration of the Internal Revenue laws by failing to file tax returns or pay any taxes on the income earned, and by committing the following acts, among others:

    a.    Sending and causing to be sent false documents to customers, including a false IRS Form W-9, Request for Taxpayer Identification Number and Certification, falsely claiming that he was "exempt" from taxes.

    b.    Sending and causing to be sent bogus documents to customers, including a bogus "Form W-9 Substitute," dated February 2, 2009, which falsely stated, among other things, that he was tax exempt, declined to furnish a taxpayer identification number (TIN) and claimed he was not required to provide a TIN because he was a "protected individual."

    c.    Sending and causing to be sent to the IRS a worthless and fake "money order" in the amount of $172,094.42 dated April 4, 2012 endorsed to the United States Treasury,

    d.    Creating and causing to be created a so-called "pure trust" dated on or about December 1, 2011 purportedly assigning his assets to the "Maine Republic Free State" and others;

    e.    Sending and causing to be sent misleading correspondence that urged customers not to comply with the IRS Notice of Levy and threatened the customers with legal action, among other things, should the customer comply with the IRS Notice of Levy;

    f.    Sending and causing to be sent harassing and threatening correspondence to employees of the IRS attempting to persuade the IRS to abandon the collection efforts;

    g.    Sending and causing to be sent false and threatening correspondence and bogus IRS Forms to his customers in an effort to convince his customers to stop issuing the Forms 1099 and to not comply with the IRS Notices of Levy;

    h.    Filing and causing to be filed frivolous court filings, including false allegations of criminal conduct against employees of the IRS;

    i.    Offering and causing to be offered to a local law enforcement officer a bogus money order in the amount of $100,000 to open a criminal investigation of the tax collection efforts of the IRS; and

    j.    Concealing and attempting to conceal his receipt of income through the extensive cashing of business checks and his extensive use of cash.

4.    All in violation of Title 26 United States Code section 7212(a).

## COUNT TWO
(Conspiracy to defraud by impeding the IRS – 18 U.S.C. § 371)

5.    The allegations as set forth in Paragraph 1 are realleged and incorporated as if fully set forth herein.

6.    Beginning on or about February 2012, and continuing through January 12, 2014 in the District of Maine, and elsewhere, the defendants,

**F. WILLIAM MESSIER** and
**DAVID EVERETT ROBINSON,**

residents of Brunswick, Maine, did unlawfully, voluntarily, intentionally and knowingly conspire, combine, confederate, and agree together, and with others known and unknown to the Grand Jury, to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government function of the IRS of the Department of Treasury, in the ascertainment, computation, assessment, and collection of the revenue: that is, the federal income taxes of Defendant Messier.

### OBJECT OF THE CONSPIRACY

7. The object of the conspiracy was for the defendants, F. William Messier and David Everett Robinson, to obstruct, impede and impair the IRS in their efforts to collect outstanding taxes owed by Defendant Messier to the United States Treasury.

## MANNER AND MEANS OF THE CONSPIRACY

8. It was part of the conspiracy that the defendants, F. William Messier and David Everett Robinson, and others, carried out the conspiracy to defraud by harassing and threatening the customers of Defendant Messier to try to cause those customers to not comply with and to obstruct the IRS levies, and it was also part of the conspiracy to harass and threaten the IRS to impede the IRS employees' collection efforts through at the least the following manner and means, among others:

   a. It was part of the conspiracy that defendants, F. William Messier and David Everett Robinson mailed false and frivolous documents to employees of the IRS;

   b. It was further part of the conspiracy that defendants, F. William Messier and David Everett Robinson mailed harassing and false documents to customers threatening them to not comply with the IRS collection efforts;

   c. It was further part of the conspiracy that defendants, F. William Messier and David Everett Robinson, sought to conceal the assets and income of Defendant Messier from the IRS to obstruct the efforts of the IRS in collecting the taxes due and owing;

## OVERT ACTS

9. In furtherance of the conspiracy to defraud, and to achieve its objectives, at least one of the co-conspirators performed or caused to be performed at least one of the following acts, among others, in the District of Maine and elsewhere:

   a. On or about February 28, 2012, Defendants Messier and Robinson mailed and caused to be mailed Form 668-A (ICS) Notice of Levy dated February 17, 2012 for tax periods 2000 through 2004 in the amount of $172,094.42 back to the IRS with a stamped note: "Non-Negotiable Conditional Acceptance . . . Notice this Property is Exempt from Levy," bearing a signature of F. William Messier.

   b. On or about March 3, 2012, Defendants Messier and Robinson sent or caused to be sent a false document entitled, "Notice of Levy Rebuttal" to the Town of Brunswick, and other Messier customers, intending to mislead the customers to believe that they did not need to comply with the Notice of Levy issued by the IRS.

   c. On or about March 8, 2012, Defendants Messier and Robinson sent or caused to be sent a letter to the IRS entitled: "RE: Certificate of Fraudulent Forms 1099-MISC."

   d. On or about March 13, 2012, Defendants Messier and Robinson sent and caused to be sent a letter to the IRS entitled "A Notice of Levy is not a Levy."

   e. On or about March 13, 2012, Defendants Messier and Robinson sent and caused to be sent a letter entitled " A Notice of Levy is not a Levy" to Messier's customers intending to mislead them to believe that they did not need to comply with the Notice of Levy issued by the IRS.

   f. On or about April 4, 2012, Defendants Messier and Robinson issued and caused to be issued a worthless and fake "Money Order" payable to the United States Treasury in the amount of $172,094.42 for "F. William Messier," purporting to discharge the outstanding tax debt of Defendant Messier.

   g. On or about April 4, 2012, Defendants Messier and Robinson mailed and caused to be mailed to the IRS a Form 669-A (ICS) Notice of Levy dated February 17, 2012, for

tax periods 2000 through 2004 in the amount of $172,094.42, with a stamped note that read: "Money Order Accepted for Value . . . for $172,094.42, charge to David Everett Robinson."

    h.    On or about April 6, 2012, Defendants Messier and Robinson sent and caused to be sent letters to Defendant Messier's customers regarding the IRS Notice of Levy, dated 02/17/2012.

    i.    On or about April 12, 2012, Defendants Messier and Robinson sent and caused to be sent letters to Messier's customers claiming that Defendant Messier was not a taxpayer and that the customer did not have Defendant Messier's consent to file Forms 1099 with the IRS.

    j.    On or about April 22, 2012, Defendants Messier and Robinson issued and caused to be issued letters to customers of Defendant Messier which falsely claimed, in substance, that the tax debt owed by Defendant Messier to the IRS was paid in full.

    k.    On or about July 26, 2012, Defendants Messier and Robinson offered a worthless and bogus money order in the amount of $100,000 to a local law enforcement officer to open a criminal investigation of the tax collection efforts of the IRS.

10.    All in violation of Title 18 United States Code, Section 371.

### COUNTS THREE through SEVEN
(Failure to File – 26 U.S.C. § 7203)

11.    During each of the calendar years 2008 through 2012, the defendant,

### F. WILLIAM MESSIER

who was a resident of Brunswick, Maine, had and received minimum gross income of at least the approximate amounts set forth below. By reason of such minimum gross income, he was

required by law, following the close of the calendar years set below and on or before the due dates set forth below, to make an income tax return to any proper officer of the United States, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing all of the foregoing, the defendant willfully failed, on or about the due dates set forth below in the District of Maine, and elsewhere, to make said income tax return as required by law:

| COUNT | CALENDAR YEAR | MINIMUM GROSS INCOME | APPROXIMATE DUE DATE OF RETURN |
|---|---|---|---|
| 3 | 2008 | $8,950 | April 15, 2009 |
| 4 | 2009 | $10,750 | April 15, 2010 |
| 5 | 2010 | $10,750 | April 18, 2011 |
| 6 | 2011 | $10,950 | April 17, 2012 |
| 7 | 2012 | $11,200 | April 15, 2013 |

12. All in violation of Title 26, United States Code, Section 7203.

A TRUE BILL,

Signature Redacted. Original on File.

_____
GRAND JURY FOREPERSON

_____
Assistant United States Attorney

Dated: 6/18/14