5.
## DAVID'S RESPONSE

### AMENDMENT IV

*"The right of the people to be secure in their persons, houses, papers, and effects, against unreaonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."*

U.S. DISTRICT COURT
PORTLAND, MAINE
RECEIVED AND FILED
2014 OCT 27 A 10:36
_____
DEPUTY CLERK
SCANNED

For an *accusation* to be valid, the accused must be accorded *due process*. The accuser must have complied with law, procedure and form in bringing the charge. This includes *court-determined probable cause, summons and notice procedure*. If lawful process may be abrogated in placing a citizen in jeopardy, then any means may be utilized to deprive a man of his freedom, and all dissent may be stifled by utilization of *defective process*.

> *"The essential elements of due process are notice and an opportunity to defend."*
> — Simon v Craft, 182 US 427.

**David** was essentially *unreasonably seized* from his peace of mind by a *court summons* and *charged* without the *due process* of *notice* and an *opportunity to defend*, — and without a *warrant* indicating any *court-determined probable cause*, prior to being *allegedly indicted* for so-called *conspiracy to defraud the de facto United States, Inc.*, by a grand jury *not* of his peers.

Without *lawful notice* there is no *personal jurisdiction*, and all proceedings prior to filing of a proper trial document in compliance with the *seven elements of jurisdiction*, are void. Otherwise, there is no lawful notice, and the charge must be dismissed for failure to state an offense.

Most bureaucrats lack the *elementary knowledge* and incentive to comply with the mandates of *constitutional due process*.

Numbers of people, beyond count, have been convicted without benefit of governmental adherence to the *seven elements* of jurisdiction. Today, *similar informations* are being filed and prosecuted by *"accepted practice"* rather than *due process of law*.

Corpus Juris Secundum assumes courts will operate in a lawful manner. If the accused makes this assumption, he may learn, to his detriment, through experience, that certain questions of law, *including the question of personal jurisdiction*, may never be raised and addressed.

*Jurisdiction, once challenged, is to be proven, not by the court, but by the party attempting to assert jurisdiction. The burden of proof of jurisdiction lies with the asserter.*

The court is only to rule on the sufficiency of the proof tendered.

See, McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936). The origins of this doctrine of law may be found in MAXFIELD v. LEVY, 4 U.S. 330 (1797), 4 U.S. 330 (Dall.) 2 Dall. 381 2 U.S. 381 1 L.Ed. 424.

*[signature: David E. Robinson]*