UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 2:14-cr-00083-DBH |
| F. WILLIAM MESSIER and ) | |
| DAVID EVERETT ROBINSON ) | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO
## DEENDANT MESSIER'S MOTION IN LIMINE

The United States of America, by and through its attorneys, Thomas E. Delahanty II, United States Attorney for the District of Maine, James W. Chapman, Jr., Assistant United States Attorney, and Karen E. Kelly, Assistant Chief, U.S. Department of Justice, Tax Division, Northern Criminal Enforcement Section, hereby submits this response in opposition to Defendant Messier's Motion in Limine (docket item 81). For the reasons stated below, this motion should be denied at this time.

## INTRODUCTION

Defendant F. William Messier ("Messier") was charged in a seven count indictment. Count One of the indictment charges that from 1999 to 2013, Messier corruptly endeavored to impede and impair the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a). Count Two charges Messier and David Everett Robinson ("Robinson") with a *Klein*-type conspiracy. The conspiracy count alleges that from February 2012 through January 2014, the defendants conspired to impede and impair the Internal Revenue Service in the ascertainment, computation, assessment, and collection of outstanding federal income taxes owed by Messier to the Treasury, in violation of 18 U.S.C. § 371. Counts Three through Seven

charge Messier with five counts of willful failure to file income tax returns for the years 2008 through 2012, in violation of 26 U.S.C. §7203.

The evidence will show that during the period covered by the indictment, Messier rented a home on Tower Lane in Brunswick, next to his home, to a witness who was a former bookkeeper and return preparer.  If called at trial, this witness is expected to testify that the defendant was in her home on several occasions during which he espoused his views about the Internal Revenue Service and income tax laws.  During more than one of these social visits, the witness advised Messier that these views were wrong and that he would get in trouble.

The evidence will also show that the defendant made plans to gift or bequeath his property, including his communications tower business, to one of his adult children and her husband.  This evidence will include a handwritten letter by Messier detailing how much income he earned each year from each tower customer and the value of his assets, including a safe filled with cash.

Messier filed a motion in limine asking this court to rule prior to trial that certain evidence from these witnesses is not relevant as required by Fed. R. Evid. 401 or that the evidence should be excluded under Fed. R. Evid. 403 because it is unfairly prejudicial.  Specifically, Messier seeks to exclude any mention of an alleged physical assault by Messier on the former Tower Lane neighbor.   Messier also seeks to exclude any mention that Messier "has 'disowned' and refused to acknowledge" another daughter, not the potential Government witness, and has refused to provide any support for this individual.

**ARGUMENT**

The defendant's Motion in Limine should be denied at this time because it is premature.  The Government acknowledges that it disclosed in discovery witness statements from one of

Messier's daughters and from a former Tower Lane neighbor that, in part, included the evidence that Messier now seeks to exclude. This evidence, of course, had to be disclosed to Messier by the Government prior to trial because it was relevant to the credibility of these witnesses regarding a possible bias against the defendant. *Giglio v. United States*, 405 U.S. 150, 153-54 (1972).

The Government has not finalized its witness list and, at this point, has no plans to offer the evidence that Messier now seeks to exclude. The Government has never indicated to opposing counsel that it intended to offer the assault evidence or the failure to support evidence. Moreover, although the Government provided Rule 404(b) notice with respect to certain evidence that it does intend to introduce at trial, the assault and failure to support evidence was not included in that notice. Nevertheless, this evidence may become relevant if the Government calls these witnesses at trial and Messier opens the door through cross-examination. In the event that the Government determines that this evidence is relevant and admissible, the undersigned attorneys will notify opposing counsel and the court before such evidence is presented in court.

## CONCLUSION

Therefore, for the reasons stated above, the defendant's Motion in Limine should be denied at this time.

Dated: January 29, 2015, at Portland, Maine.

THOMAS E. DELAHANTY II
UNITED STATES ATTORNEY

/s/ James W. Chapman, Jr.
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street Plaza, East Tower
Portland, ME  04101
(207) 780-3257
James.W.Chapman@usdoj.gov

/s/ Karen E. Kelly
Karen E. Kelly, Assistant Chief
U.S. Department of Justice
Tax Division, Northern Criminal
 Enforcement Section
601 D Street, N.W.
Washington, D.C. 20530
(202) 514-5150
Karen.E.Kelly@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2015, I electronically filed the Government's Response in Opposition to Defendant's Messier Motion in Limine with the Clerk of Court using the CM/ECF system which will send notifications of such filing(s) to the following:

Michael Louis Minns
Ashley Blair Arnett
Michael Louis Minns, P.L.C.
9119 S. Gessner, Suite One
Houston, TX  77074
mike@minnslaw.com
Ashley@minnslaw.com

Joel Vincent
44 Exchange Street
Portland, Maine 04101
jvincent802@gmail.com

William D. Masselli
98 Washington Avenue
Portland, ME  04101
maselli@securenetspeed.net

Thomas E. Delahanty II
United States Attorney

/s/ James W. Chapman, Jr.
James W. Chapman, Jr.
Assistant United States Attorney