UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No.  2:14-cr-00083-DBH |
| F. WILLIAM MESSIER  and ) | |
| DAVID EVERETT ROBINSON ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**DEFENDANT MESSIER'S  MOTION FOR SEVERANCE OF DEFENDANTS**

The United States of America, by and through its attorneys, Thomas E. Delahanty II, United States Attorney for the District of Maine, James W. Chapman, Jr., Assistant United States Attorney, and Karen E. Kelly, Assistant Chief, U.S. Department of Justice, Tax Division, Northern Criminal Enforcement Section, hereby submits this response and incorporated memorandum of law in opposition to Defendant Messier's Motion for Severance of Defendants (Docket item 80).  For the reasons set forth below, this motion should be denied without a hearing.

**INTRODUCTION**

A.   The Indictment

On August 27, 2014, the Court unsealed a seven count indictment returned by a federal grand jury in the District of Maine.  Count Two of the indictment charges F. William Messier ("Messier") and David Everett Robinson ("Robinson") with a *Klein*-type conspiracy.  The conspiracy count alleges that from February 2012 through January 2014, the defendants conspired to impede and impair the Internal Revenue Service in the ascertainment, computation, assessment, and collection of outstanding federal income taxes owed by Messier to the Treasury, in violation of 18 U.S.C. § 371.  In addition, Count One of the indictment charges that from 1999

to 2013, Messier corruptly endeavored to impede and impair the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a), and Counts Three through Seven charge Messier with five counts of willful failure to file income tax returns for the years 2008 through 2012, in violation of 26 U.S.C. §7203.

      B.      Overview of the Evidence

The evidence at trial will establish that the defendant owned a company that leased space on communication towers to cell phone companies, radio stations and other companies and entities that needed telecommunication services. Nevertheless, he failed to file federal income tax returns or pay income taxes since he filed his 1996 return. In 2006, the IRS assessed Messier for taxes, interest and penalties owed for tax years 2000 through 2004 in the amount of $172,094. In February 2013, after fruitless efforts by the IRS to bring Messier into tax compliance and to collect on the outstanding taxes, the IRS issued levies to Messier's customers, directing them to pay rent owed to Messier instead to the IRS, in satisfaction of Messier's outstanding taxes.

The evidence will further establish that, as alleged in Count Two, beginning in February 2012 and continuing through at least April 2013, Messier conspired with Robinson to attempt to obstruct and impede the levies and to obstruct the IRS from collecting the outstanding taxes owed by Messier. *See* Indictment at ¶ 6. For example, the evidence will show that Messier and Robinson contacted and sent various correspondence to Messier's customers directing them to ignore the levies because they were not lawful; they sent customers copies of bogus money orders claiming that Robinson had paid the tax debt owed by Messier, and they threatened customers with frivolous lawsuits if they complied with the levies. Much of this same evidence will also be offered to establish that the defendant corruptly endeavored to impede the due

administration of the internal revenue laws, as alleged in Count One.  Finally, the evidence will show that for each of the years 2008 through 2012, Messier earned substantial gross receipts from these customers, totaling more than $670,000 during this period.

      C.      Defendant Messier's Motion for Severance.

Messier now moves for a severance of defendants so that he is tried separately from his alleged co-conspirator.  According to the motion, Messier's defense is that he "suffers from a delusion that he is a sovereign citizen, and therefore his interpretation of his tax duties are [sic] correct."  Motion for Severance at 3.  Citing various documents filed by Robinson when Robinson was *pro se*, Messier anticipates that Robinson will advocate various frivolous arguments at trial, and that the court will instruct the jury that these arguments are not a defense.  Motion for Severance at 1-2, 5.  Messier claims that his defense conflicts with the anticipated defense of Robinson, and therefore, he will be prejudiced by a joint trial.  Motion for Severance at 8-9.

## ARGUMENT

It is well established that there is a "preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993).  The "general rule ... that those indicted together are tried together" serves the dual goals of preventing the scandal and inequity of inconsistent verdicts, and conserving resources. *Zafiro*, 506 U.S. at 537; *United States v. DeCologero*, 530 F.3d 36, 52 (1st Cir. 2008); *United States v. Soto-Beniquez*, 356 F.3d 1, 29 (1st Cir. 2004).  Severance is warranted "'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v. Celestin*, 612 F.3d 14, 19 (1st Cir. 2010) (quoting *Zafiro*, 506 U.S. at 539); *see also DeCologero*, 530 F.3d at

52. Indeed, severance is especially disfavored in conspiracy cases. *Celestin*, 612 F.3d at 19 (*quoting United States v. Pena-Lora*, 225 F.3d 17, 33 (1st Cir. 2000). This is because in the case of co-conspirators, virtually all the evidence relating to one defendant will also be directly relevant to, and therefore, independently admissible against the other defendant. *United States v. O'Bryant*, 998 F.2d 21, 25 (1st Cir. 1993).

Antagonistic defenses require severance only when the "'defenses are so irreconcilable as to involve fundamental disagreement over core and basic facts.'" *United States v. Tejeda*, 481 F.3d 44, 55 (1st Cir. 2007) (*quoting Pena-Lora*, 225 F.3d at 34); *see also United States v. Talavera*, 668 F.2d 625, 630 (1st Cir. 1982) ("It is well settled that antagonistic defenses do not *per se* require severance, even if the defendants are hostile or attempt to cast the blame on each other.) Moreover, mere "dissonance" between defenses is insufficient to compel severance. *Tejeda*, 481 F.3d at 55. Rather, severance is required only where the conflict is so prejudicial and the defenses are so irreconcilable that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty. *United States v. Yefsky*, 994 F.2d 885, 897 (1st Cir. 1993).

Prejudice in this context means more than just a better chance of acquittal at a separate trial. Moreover, Rule 14 does not require a severance even if the defendant makes a showing of possible prejudice; it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion. *Zafiro*, 506 U.S. at 539. Indeed, courts are often able to remedy the prejudice suffered by one defendant in a joint trial with a proper instruction to the jury. Denial of a severance is within the sound discretion of the trial judge and will be overturned only upon a showing of a clear abuse of discretion. *Id*.

Messier has not demonstrated that a joint trial with Robinson in any way subjects him to any legally cognizable prejudice. According to his motion, Messier came to his beliefs about the

tax laws based, in part, on the teachings of Robinson. Motion for Severance at 5. He further states that if he [Messier] "believed he was following the law he is innocent of criminal conduct." *Id*. Messier anticipates that Robinson "will argue the legitimacy" of his views about the tax laws and that the two defenses are "diametrically opposed." *Id*. These general assertions are insufficient to warrant severance.

In fact, it appears that the defense attributed by Messier to his codefendant is essentially the same as his—that they each subjectively believed they were not violating the law. Verily, the two codefendant's defenses are more similar than they are dissimilar. Messier claims that he would be prejudiced by Robinson's defense because "the court will inevitably instruct the jury that Robinson's positions are not legitimate." Motion to Sever at 5. Indeed, should either defendant introduce evidence about their alleged misunderstanding of the tax laws, whether or not they still hold these beliefs, the court should give the jury a limiting instruction, stating that the defendant[s] views are not the law and that the jury will be instructed on the law by the court at the end of case. However, a defendant, such as Messier, who is charged with willful violations of the tax laws, puts on evidence to establish that he has a good faith belief that his conduct was legal, would be entitled to an appropriate good faith belief instruction by the court. *Cheek v. United States*, 498 U.S. 192 (1991).[1]

That Messier believed Robinson, and Robinson believed his own propaganda, are not antagonistic defenses, as that term is used in reviewing severance motions. This is so because

---

[1] *See* D. Brock Hornby, *Pattern Criminal Jury Instructions for the District Courts of the First Circuit* § 4.26.7201 (updated 12/3/14 by Judge Torresen). Although willfulness is a subjective state of mind, the law is clear that mere disagreement with the law does not negate willfulness. A purported belief that the tax laws are unconstitutional does not negate willfulness. *See Cheek,* 498 U.S. 192, 205 (1998); *United States v. Bonneau*, 970 F.2d 929, 932-33 (1st Cir. 1992); *United States v. Turano*, 802 F.2d 10, 11-12 (1st Cir. 1986).

acceptance of one defense does not necessarily preclude acceptance of the other and acquittal of the defendant. *See Talavera*, 668 F.2d at 630. Indeed, the jury could accept each defendant's defense and return a verdict of not guilty. For example, the jury could well find that Messier "believed that he was following the law and is innocent of criminal conduct" as he asserts and find Messier not guilty. At the same time, the jury could find that Robinson or Messier was not guilty of the conspiracy count because one or both did not enter into an agreement to defraud the United States with the required *mens rea*, even if the court instructed the jury that Robinson's views on the tax laws were not accurate. Thus, the jury is not precluded from determining that Messier was duped by Robinson, regardless of the actual legitimacy of Robinson's position. Proper analysis focuses on the subjective state of mind of the defendant, not the correctness of the position. Moreover, an acquittal of Messier on conspiracy would mandate the same for Robinson because the Government would have failed to prove the existence of an agreement between the defendants. *See United State v. Goodrich*, 2011 U.S. Dist. Lexis 10717 (District of Me. February 3, 2011).

Having a joint trial with Robinson would not present any impediment to Messier's ability to prove his own subjective mental state. The facts of this case are a far cry from those in the *United States v. Johnson*, 478 F.2d 1129, 1131 (5th Cir. 1973), a case cited by Messier. In *Johnson*, the Fifth Circuit held that severance was appropriate where the admission of the one defendant's post-arrest confession directly incriminated a co-defendant who had claimed an alibi defense. *Johnson*, 478 F.2d at 1132. Unlike *Johnson*, there are no post-arrest confessions that implicate a co-defendant. Nor is there any risk of inadvertent disclosure of evidence admissible against Robinson, but inadmissible against Messier. *United States v. Pelletier*, 490 F.Supp.2d 17 (D Me. 2007).

At best, perhaps the defendants' defenses are dissonant, but they in no way rise to the standard that requires a severance. As noted above, this court has wide latitude to address any conflicts that may arise during the course of the trial, including limiting instructions to the jury. Indeed, in a multi-defendant case such as this, the jury will likely be instructed to weigh the evidence presented separately as to each defendant. D. Brock Hornby, *Pattern Criminal Jury Instructions for the District Courts of the First Circuit* § 1.02 (updated 12/3/14 by Judge Torresen). *See also* L. Sand, et al., *Modern Federal Jury Instructions-Criminal,* § 3.01, Instr. 3-2 and 3-5 (2008). Any concerns that remain for Messier can be addressed through careful instruction concerning the jury's need to "collate and appraise" the evidence concerning each charge and each defendant separately. Cautionary instructions to the jury will adequately address the concerns for any alleged confusion or alleged spillover.

Notwithstanding the similarity of the co-defendants' defenses, Messier would not be entitled to a severance even if they were inconsistent. Allegation of inconsistent defenses is insufficient to warrant severance. In *United States v. Davis*, 623 F.2d 188, 190 (1st Cir. 1980), the First Circuit affirmed the denial of severance despite inconsistent defenses. In *Davis*, the appellant denied any knowledge of the bankruptcy conspiracy for which he was indicted. Appellant agreed only to set a fire. However, the co-conspirator in *Davis* testified at trial that he told appellant about the bankruptcy plan, which directly contradicted the appellant's defense. Moreover, co-defendant's attorney elicited testimony from a trial witness that appellant complained gave the "jury a poor impression." *Id.* at 190. In upholding the denial of a severance, the First Circuit reaffirmed the law that "to obtain severance on the ground of conflicting defenses, it must be demonstrated that the conflict is so prejudicial that defenses are irreconcilable, and the jury will unjustifiably infer that this conflict alone demonstrates that both

are guilty." *Id.* at 191. Similarly, in *United States v. Magana*, 127 F.3d 1, 2-3 (1st Cir, 1997), the First Circuit found no error in the district court's refusal to sever the co-defendants in a conspiracy case. This was so even after an actual disagreement arose during trial between the co-defendants as to the proper remedy for a violation of the sequestration order. The *Magana* court stated that the exercise of discretion by the district court to not sever the co-defendants will "be condemned only where it deprives a defendant of a fair trial, resulting in a miscarriage of justice." *Id.* at 7. The co-defendants midtrial dispute and disagreement did not constitute a deprivation of a fair trial for purposes of a severance.

Finally, Messier claims prejudice from Robinson's pro se filings. These concerns, however, are moot because Robinson has since accepted appointment of Attorney Vincent as his trial counsel. *See* Docket entry 71. Moreover, even when Robinson was filing *pro se* documents that claimed to be filed on behalf of Messier, this court took appropriate action to treat the filing as being filed only on behalf of Robinson. Docket entry 49. After Attorney Vincent was reappointed, Robinson has not filed any frivolous pleadings on behalf of himself or Messier. Thus, Messier's alleged prejudice that could flow from Robinson representing himself is no longer timely or relevant.

## CONCLUSION

Messier's conclusory allegations of prejudice are insufficient to overcome the default rule that defendants, who are indicted together, especially in a conspiracy count, should be tried together. Messier failed to demonstrate that a joint trial will deprive him of a fair trial and result in a possible miscarriage of justice. Messier is not entitled to severance merely because he believes it may enhance his case, or improve his appearance in the eyes of the jury.

Thus, for the reasons state above, the Government respectfully requests that Defendant's Motion for Severance be denied.

    Dated: January 29, 2015 at Portland, Maine.

                                          THOMAS E. DELAHANTY II
                                          UNITED STATES ATTORNEY

                                          /s/ James W. Chapman, Jr.
                                          Assistant United States Attorney
                                          U.S. Attorney's Office
                                          100 Middle Street Plaza, East Tower
                                          Portland, ME  04101
                                          (207) 780-3257
                                          James.W.Chapman@usdoj.gov

                                          /s/ Karen E. Kelly
                                          Karen E. Kelly, Assistant Chief
                                          U.S. Department of Justice
                                          Tax Division, Northern Criminal
                                          Enforcement Section
                                          601 D Street, N.W.
                                          Washington, D.C. 20530
                                          (202) 514-5150

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 29, 2015, I electronically filed the Government's Response in Opposition to Defendant Messier's Motion for Severance of Defendants with the Clerk of Court using the CM/ECF system which will send notifications of such filing(s) to the following:

| | |
|---|---|
| Michael Louis Minns<br>Ashley Blair Arnett<br>Michael Louis Minns, P.L.C.<br>9119 S. Gessner, Suite One<br>Houston, TX  77074<br>mike@minnslaw.com<br>Ashley@minnslaw.com | Joel Vincent<br>44 Exchange Street<br>Portland, Maine 04101<br>jvincent802@gmail.com |

William D. Maselli
98 Washington Avenue
Portland, ME  04101
maselli@securenetspeed.net

                                                Thomas E. Delahanty II
                                                United States Attorney

                                                /s/ James W. Chapman, Jr.
                                                James W. Chapman, Jr.
                                                Assistant United States Attorney
                                                United States Attorney's Office
                                                100 Middle Street, East Tower
                                                Portland, Maine 04101
                                                (207) 780-3257
                                                James.w.chapman@usdoj.gov