UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | Criminal No. 14-CR-00083-DBH |
| § | |
| F. WILLIAM MESSIER and § | |
| DAVID EVERETT ROBINSON § | |

### DEFENDANT'S MEMORANDUM OF LAW

Now comes Defendant F. William Messier, by and through his counsel of record, and respectfully submits this Memorandum ordered by the court on March 18, 2015.

### I.

Counsel was instructed to brief the question of what instructions the court should give if Messier's expert testifies, but Messier does not.

### II.

Counsel was unable to find any cases directly on point concerning instructions, when Dr. Voss testifies about what beliefs Messier had during diagnosis. However, in *US v. Suffront*, 338 F.3d 809 (7th Cir. 2003), one defendant, Marisol, did not take the stand, but her treating physician Dr. Riolo, a clinical psychologist, did and Dr. Riolo testified to what Marisol told him. The court ruled that "…those statements may not be considered for the truth of the matter asserted" or for any purpose against her co-defendant, and husband, Colon, and so instructed the jury.

Colon objected to the hearsay against him, on appeal. The decision was affirmed, but the 7th Circuit found "there is no direct criminal implication of Colon in any of those statements."

There was no defense objection to the hearsay instruction in trial.

The decision was affirmed.

Counsel has not found any case law denying a hearsay instruction in the case at bar. The case allowing for a hearsay instruction on *Suffront* is not directly applicable.

The appellate court in *United States v. Duncan*, 850 F.2d 1104 (6th Cir. 1988), reached a similar conclusion on hearsay for different reasons. The trial court allowed hearsay, but a defense theory instruction was not – because it was predicated on hearsay (and other evidence). The criminal tax defendant did not testify, but his defense theory was presented through the circumstances of the transactions in question, evidence of his relationship with his tax preparer, testimony about the preparation of the tax returns in question, and his own hearsay statements of good-faith reliance that were admitted at trial by way of witness testimony. The district court gave a general instruction on willfulness, but refused to instruct on the defendant's argument of good-faith reliance, saying there was no evidence of the defendant's good faith. *Id.* at 1115-17. The court of appeals reversed, concluding that the refusal to give a reliance instruction usurped the jury's function by depriving the defendant of the opportunity to present his theory of defense. *Id.* at 1117-18.

> A claimed defense of good faith reliance upon a tax preparer or tax counsel is a critical circumstance that may be dispositive of the central issue of willfulness. Particularly on an issue of such importance, we believe that the standard will be satisfied if there is "any foundation in the evidence" sufficient to bring the issue into the case, even if that evidence is "weak, insufficient, inconsistent, or of doubtful credibility."

*Id.* at 1117 (citations omitted). The *Duncan* court concluded: "What we hold is this: some evidence brought the good faith reliance issue into this case, and other evidence did not negate it. Under those circumstances, the defendant is entitled to an instruction that tells the jury about a central theory of his defense. *Id.* at 1119-20 (citation omitted). Thus, the Court should instruct the jury on Defendant's theory of defense.

### III.

Additionally, if Messier does not testify, the Court should instruct the jury on Messier's right not to testify. A criminal defendant is entitled to jury instructions on his or her constitutional right not to testify and that the burden of proof is on the government. *United States v. Vázquez-Larrauri*, 778 F.3d 276, 286 (1st Cir. 2015). In *Vázquez-Larrauri*, the First Circuit very recently approved instructions on the issue of the defendant's right not to testify as follows:

> The relevant jury instructions were as follows:
>
>> Members of the jury, a defendant has a Constitutional right not to testify, and therefore, no inference of guilt or of anything else may be drawn from the fact that the Defendant does not testify.
>>
>> For any of you, the jurors, to indulge in such an inference would be wrong. Indeed, it would be a violation of your oath

> as a juror. The fact that [Defendant] did not testify or offer any evidence must not be considered by you in any way, or even discussed by any of you during your deliberations.
>
> I remind you, members of the jury, that it is up to the Government to prove the Defendant, Ismael Vázquez-Larrauri, guilty beyond a reasonable doubt. It is not up to the Defendant to prove that he is not guilty.

*Id.* at 286 n.7. The no-adverse-inference instruction is related to the theory-of-defense instruction when the defendant chooses not to testify, as the *Duncan* court noted:

> We note, however, ancillary principles that the standard of evidence necessary to warrant an instruction cannot include an absolute requirement that the taxpayer must testify, for that would burden the taxpayer's own Fifth Amendment right against self-incrimination, or an absolute requirement that the taxpayer must present the evidence rather than rely on evidence present in the prosecution's case, for that would run afoul of the Due Process principle that the Government has the burden of proof to establish willfulness as an element of the crime.

850 F.2d at 1115 n.9 (citation omitted).

## CONCLUSION

There is very limited authority allowing a hearsay instruction in this situation. There is none forbidding it. However, the court, if it chooses to give a hearsay instruction, must make certain the instruction does not cause the jurors to wonder why Messier did not take the stand, or use that against him. The hearsay instruction in this context, if given, has the inherent danger of emphasizing his exercise of the 5th Amendment in an inappropriate way.

Respectfully submitted on March 26, 2015.

*s/* Michael Louis Minns
**Michael Louis Minns**
Ashley Blair Arnett
MICHAEL LOUIS MINNS, P.L.C.
9119 S. Gessner, Suite One
Houston, TX  77074
Tel.: (713) 777-0772
Fax: (713) 777-0453
Email: mike@minnslaw.com
          ashley@minnslaw.com

William D. Maselli
98 Washington Avenue
Portland, ME  04101
Tel.: (207)-780-8400
Fax: (207) 879-2619
Email:  maselli@securespeed.net

Attorneys for Defendant F. William Messier

## CERTIFICATE OF SERVICE

On March 26, 2015 I, Ashley Blair Arnett, attorney for the Defendant F. William Messier, filed this motion with the United States District Court District of Maine electronic filing system. Based on my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this request will be electronically served upon the parties upon its submission to the Court.

s/Ashley Blair Arnett
*Ashley Blair Arnett*
Attorney for Defendant F. William Messier
