UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                           )<br>                                )   Criminal No.  2:14-cr-00083-DBH<br>F. WILLIAM MESSIER  and )<br>DAVID EVERETT ROBINSON ) | |

**GOVERNMENT'S SUPPLEMENTAL TRIAL BRIEF**

The United States of America, by and through its attorneys, Thomas E. Delahanty II, United States Attorney for the District of Maine, James W. Chapman, Jr., Assistant United States Attorney, and Karen E. Kelly, U.S. Department of Justice, Tax Division, hereby submits this Supplemental Trial Brief to address the conspiracy issue raised at the hearing on the Government's Motions in Limine and addressed by Defendant Robinson in his Motion in Limine (docket item 129).

**Issue**

If the jury returns a verdict of "not guilty" as to Defendant Messier on the conspiracy count, are they required to return a verdict of "not guilty" as to Defendant Robinson?

**Discussion**

Count Two of the indictment alleges that the defendants "did unlawfully, voluntarily, intentionally and knowingly conspire . . . together, and with others known and unknown to the Grand Jury" to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful governmental function of the IRS of the Department of Treasury. Indictment, ¶ 6. Thus, although there are only two defendants named in this indictment, the conspiracy count alleges others individuals were involved.  If court properly instructs the jury to give separate consideration to the case against each defendant, then a verdict of not guilty as to one of the two indicted defendants does not necessarily mean that the other defendant did not

enter into an unlawful agreement with some other conspirator.  *See* D. Brock Hornby, *2015 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit,* § 1.02.

Moreover, even if the indictment did not allege the possibility of more than two members of the conspiracy, courts now recognize a jury's prerogative to return inconsistent verdicts as to two defendants in a two-person conspiracy.  *United States v. Bucuvalas*, 909 F.2d 593 (1st Cir. 1990)(*citing United States v. Powell*, 469 U.S. 57 (1984)).  The *Bucuvalas* case is directly on point with the issue raised by Defendant Robinson.  After *Powell*, inconsistent verdicts are no longer reviewable "whether the result of leniency, compromise, or mistake."  *Id.* at 597.

## CONCLUSION

The current law on inconsistent verdicts does not bar a jury from returning inconsistent verdicts on Count Two.

Dated: March 26, 2015, at Portland, Maine.

THOMAS E. DELAHANTY II
UNITED STATES ATTORNEY

/s/ James W. Chapman, Jr.
James W. Chapman, Jr.
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street Plaza, East Tower
Portland, ME  04101
(207) 780-3257
James.W.Chapman@usdoj.gov

Karen E. Kelly, Assistant Chief
U.S. Department of Justice
Tax Division, Northern Criminal
  Enforcement Section
601 D Street, N.W.
Washington, D.C. 20530
(202) 514-5150

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**CERTIFICATE OF SERVICE**

   I hereby certify that on March 26, 2015, I electronically filed the Government's Supplemental Trial Brief with the Clerk of Court using the CM/ECF system which will send notifications of such filing(s) to the following

For Defendant Messier:        For Defendant Robinson

Michael Louis Minns.        Joel Vincent
Ashley Blair Arnett         44 Exchange Street
Michael Louis Minns, P.L.C.     Portland, Maine 04101
9119 S. Gessner, Suite One      jvincent802@gmail.com
Houston, TX  77074
mike@minnslaw.com
Ashley@minnslaw.com


William D. Maselli
98 Washington Avenue
Portland, ME  04101
maselli@securenetspeed.net


                 Thomas E. Delahanty II
                 United States Attorney

                 /s/ James W. Chapman, Jr.
                 James W. Chapman, Jr.
                 Assistant United States Attorney