UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                           )<br>                                              ) Criminal No. 2:14-cr-00083-DBH<br>F. WILLIAM MESSIER and     )<br>DAVID EVERETT ROBINSON  ) | |

### GOVERNMENT'S PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS

The United States of America, by and through its attorneys, Thomas E. Delahanty II, United States Attorney for the District of Maine, James W. Chapman, Jr., Assistant United States Attorney, and Karen E. Kelly, U.S. Department of Justice, Tax Division, hereby submit these proposed Supplemental Jury Instructions.

Dated: April 1, 2015, at Portland, Maine.

THOMAS E. DELAHANTY II
UNITED STATES ATTORNEY

/s/ James W. Chapman, Jr.
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street Plaza, East Tower
Portland, ME  04101
(207) 780-3257
James.W.Chapman@usdoj.gov

/s/ Karen E. Kelly
Karen E. Kelly, Assistant Chief
U.S. Department of Justice
Tax Division, Northern Criminal
  Enforcement Section
601 D Street, N.W.
Washington, D.C. 20530
(202) 514-5150

12479378.1

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 6

### Civil Remedies Immaterial[1]

There is a distinction between civil liability for the payment of taxes, and criminal liability.  This is a criminal case.  The defendant is charged with the commission of a crime, and the fact that there may be civil tax consequences for his conduct may not be considered by you, the jury, in determining the issues or resolution in this case.

---

[1] See 2 Edward J. Devitt et al., Federal Jury practice and Instructions(3rd ed. 1977) Section 35.17 (modified);  *Spies v. United States*, 317 U.S. 492, 495 (1943);  *United States v. Dack*, 747 F2d 1172, 1174-1175 (7th Cir. 1984);  *United States v. Richards*, 723 F.2d 646, 648 (8th Cir. 1984); *United States v. Buras*, 633 F.2d 1356, 1360 (9th Cir. 1980).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 7

### Penalty not to be considered[2]

The punishment provided by law for the crimes charged in the indictment is a matter exclusively for the Court to decide and should never be considered by the jury in any way in arriving at a verdict as to the crimes charged.

---

[2] See 1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 20.01 (5th ed. 2000); *United States v. Austin*, 533 F.2d 879, 884-85 (3d Cir. 1976), *cert. denied*, 429 U.S. 1043 (1977).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 8

### Explanation of Levy[3]

There was evidence in this case that beginning in 2012, the IRS levied funds to pay a tax debt owed by Defendant Messier. Under the Internal Revenue Code, any person liable to pay any tax who neglects or refuses to pay that tax within 10 days after notice and demand, the IRS may collect that tax by levy upon the property and rights to property belonging to that person. The IRS does not need a court order or a warrant to levy property or funds. Individuals may appeal or challenge the levy in court after it is collected.

---

[3] 26 U.S.C. § 6331. *Rogers v. Vicuna*, 264 F.3d 1, 6 (1st Cir.2001) (rejecting as "absurd" taxpayer's contention that IRS's power to levy applies only to salary and wages of federal employees); *Oropallo v. United States*, 994 F.2d 25, 31 (1st Cir.1993) ("it is well settled that post-collection judicial review accords a taxpayer all the process that is due under our tax laws"); *Lojeski v. Boandl*, 788 F.2d 196, 199–200 (3d Cir.1986) (warrantless levy on bank accounts did not violate Fourth Amendment (*citing G.M. Leasing Corp. v. United States*, 429 U.S. 338, 352 and 354 (1977)).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 9

### Attitude toward the Internal Revenue Service[4]

You may consider Defendant Messier's attitude toward the Internal Revenue Service or the reporting and payment of taxes generally in determining his intent with respect to counts Three through Seven in the indictment.

---

[4] *See United States v. Hogan*, 861 F.2d 312, 316 (1st Cir. 1988); *United States v. Reed*, 670 F.2d 622 (5th Cir.), *cert denied*, 457 U.S. 1125 (1982).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 10

### Requirement to File a Return[5] ( If Necessary)

A person is required to file a federal income tax return for any calendar year in which he had gross income in excess of a certain statutory amount set by law, on or before April 15 following the close of the calendar year unless an extension is granted.  If April 15th fell on a holiday or weekend, the due date for the return is the next business day.  In this case, the threshold amounts and filing due dates were as follows:

| Calendar Year | Filing Threshold | Due Date Of Return |
|---|---|---|
| 2008 | $8,950 | April 15, 2009 |
| 2009 | $10,750 | April 15, 2010 |
| 2010 | $10,750 | April 18, 2011 |
| 2011 | $10,950 | April 17, 2012 |
| 2012 | $11,200 | April 15, 2013 |

Gross income includes the following: (1) Compensation for services, including fees, commissions and similar items; (2) Gross income derived from business; (3) Gains derived from dealings in property; (4) Interest; (5) Rents; (6) Royalties; (7) Dividends; (8) Alimony and separate maintenance payments; (9) Annuities; (10) Income from life insurance and endowment contracts; (11) Pensions; (12) Income from discharge of indebtedness; (13) Distributive share of partnership gross income; (14) Income in respect of a decedent; and (15) Income from an interest in an estate or trust.

---

[5] 2B Fed. Jury Prac. & Instr. § 67:2 (6th ed.)(modified)

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 11

### Interviews by Government Attorneys[6]

During the trial, you have heard testimony that government prosecutors or federal law enforcement agents have interviewed or attempted to interview witnesses who testified on behalf of the United States to prepare for trial.  No adverse inference should be drawn from that conduct.  Indeed, the United States Attorney, his assistants, and federal law enforcement officers had a right, duty, and obligation to conduct, and attempt to conduct, those interviews, and prepare this case as thoroughly as possible, and they might have been derelict and careless in the performance of their duties if they had not questioned the witnesses as the investigation progressed and during their preparation for this trial.

As a matter of fact, if the government attorneys did not do some preparation, this case would be much longer than it has been.  It is to be expected that when an attorney puts a witness on the stand for direct examination, he will have met with the witness and know what the answers are going to be most of the time, assuming the witness is willing to talk To the lawyer ahead of time.  The fact that a witness met with an attorney prior to that witness testifying before you, standing alone, should not usually cause you to discredit the testimony of that witness. You may, however, consider the fact that a witness was willing to meet, or not meet, with one side or the other, prior to this case, in evaluating the witness' testimony. You may also consider whether any such meeting did, in fact, influence the testimony of the witness.

---

[6]*See* Adapted from *United States v. Alford*, Crim. No. 03-153(D. N.J.1979); *United States v. Ronna*, Crim. No. 81-14-MC (D. Mass., Judge McNaught); *United States v. Kepreos*, Crim. No. 83- 12-Z (D. Mass., Judge Zobel).

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**CERTIFICATE OF SERVICE**

   I hereby certify that on April 1, 2015, I electronically filed the Government's Supplemental Jury Instructions with the Clerk of Court using the CM/ECF system which will send notifications of such filing(s) to the following:

| | |
|---|---|
| Michael Louis Minns. | Joel Vincent |
| Ashley Blair Arnett | 44 Exchange Street |
| Michael Louis Minns, P.L.C. | Portland, Maine 04101 |
| 9119 S. Gessner, Suite One | jvincent802@gmail.com |
| Houston, TX  77074 | |
| mike@minnslaw.com | |
| Ashley@minnslaw.com | |

William D. Maselli
98 Washington Avenue
Portland, ME  04101
maselli@securenetspeed.net

            Thomas E. Delahanty II
            United States Attorney

            /s/ James W. Chapman, Jr.
            James W. Chapman, Jr.
            Assistant United States Attorney