```
1              UNITED STATES DISTRICT COURT

2                    DISTRICT OF MAINE

3    _____

4    UNITED STATES OF AMERICA,        CRIMINAL ACTION

5              Plaintiff          Docket No:  2:14-83-DBH-2

6

7         -versus-

8                                    PORTION SEALED

9    DAVID EVERETT ROBINSON,

10             Defendant
     _____
11                    Transcript of Proceedings

12

13   Pursuant to notice, the above-entitled matter came on
     Motion Hearing held before THE HONORABLE JOHN H. RICH
14   III, United States Magistrate Judge, in the United
     States District Court, Edward T. Gignoux Courthouse,
15   156 Federal Street, Portland, Maine, on the 27th day of
     October 2014 at 10:58 a.m. as follows:

16

17   Appearances:

18   For the Government:  James W. Chapman, Jr., Esquire
                          Assistant United States Attorney
19
     For the Defendant:  Joel Vincent, Esquire
20

21
              Lori D. Dunbar, RMR, CRR
22            Official Court Reporter

23         (Prepared from manual stenography and
              computer aided transcription)
24

25
```

```
1              (Open court.  Defendant present.)

2         THE COURT:  Good morning, everyone.

3         MR. CHAPMAN:  Good morning, Your Honor.

4         THE COURT:  Counsel, as you know, this is a

5    hearing that has been scheduled by the Court in the

6    matter of the United States of America versus David

7    Everett Robinson.  That matter is the Court's Criminal

8    Docket No. 14-83-P-H-2.  The motion in question is the

9    motion that has been filed by Joel Vincent, Esquire,

10   court-appointed counsel for the defendant, David

11   Robinson.  The motion is docketed as ECF No. 38, having

12   been filed on Thursday of last week.  And we are

13   present for a hearing on the motion.  The record should

14   reflect that the Government is present represented by

15   Assistant United States Attorney James Chapman.

16        MR. CHAPMAN:  Good morning, Your Honor.

17        THE COURT:  Good morning, Mr. Chapman.  That

18   the defendant is present, good morning, Mr. Robinson,

19   along with his court --

20        THE DEFENDANT:  I'm the living, breathing

21   David Robinson, not the David Robinson estate.

22        THE COURT:  Very well.  And, good morning,

23   Mr. Vincent.

24        MR. VINCENT:  Good morning, Your Honor.

25        THE COURT:  And at this time the Court is
```

1    prepared to have a hearing on the motion to withdraw.

2    Mr. Chapman, does the Government have any objection to

3    being excused at this time?  Obviously this hearing

4    will most likely involve the Court inquiring into

5    whatever discussions may have taken place between

6    Mr. Robinson and Mr. Vincent.  Those would all be

7    privileged.

8         MR. CHAPMAN:  Your Honor, I don't object to

9    being excluded for the inquiry involving privileged

10   communications.  I would like to be present if the

11   Court gets as far as advising Mr. Robinson of his

12   rights to have counsel present and the typical court

13   colloquy under Faretta versus California.  We would

14   like to be present for that.

15        THE COURT:  All right.  I thought you might

16   say that, and I'm just wondering in terms of how to go

17   about proceeding.  I guess -- I think it makes more

18   sense for me first to hear what has transpired between

19   Mr. Vincent and Mr. Robinson since Mr. Robinson's

20   initial appearance on September 5th.  So why don't you

21   wait outside, and then, depending on Mr. Robinson's

22   position and the Court's ruling on the motion to

23   withdraw, the Court can have a colloquy at that time.

24   So if you could step out and we'll call you as soon as

25   we're ready.

1          MR. CHAPMAN:  Thank you.

2          THE DEFENDANT:  I object to the motion to

3    withdraw.

4          THE COURT:  One second, Mr. Robinson.  Let's

5    just clear the courtroom.  If the courtroom door could

6    be locked, please.  All right.

7     (The following portion of the transcript is sealed.)

8    ██████████████████████████████████████████████████

9    ██████████████████████████████████████████████

10   ██████████████████████████████████████████████

11   ████████████████████████████████████████████

12   ████████████████████████████████████████████████

13   ███████████████████████████████████████████████████

14   ████████████████████████████████

15   ██████████████████████████████████████████████

16   ███████████████████████████████████████████████████

17   ██████████████████████████████████████████████

18   █████████████████████████████████████████

19   ██████████████████████████████████████████████

20   █████████████████████████████████████

21   ███████████████████████████████████████████████████

22   █████████████████████████████████████████

23   █████████████████████████████████████████

24   █████████████████████████████████████████

25   █████████████████████████████████████████



































































1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21                (Transcript unsealed.)

22          THE COURT:  All right, Mr. Chapman, this has

23  taken a long time because I had quite an extensive

24  colloquy -- the transcript will now be unsealed -- but

25  a sealed colloquy with Mr. Robinson going over his

knowledge and understanding of the risk that he would

be taking if he represents himself in this case going

forward.   I'm not going to go back over that colloquy

except to say on the record that I'm satisfied that

Mr. Robinson understands the charge against him, that

he knows and understands the penalty that he faces in

connection with that charge.   He has readily conceded

that he has not been trained and has no familiarity in

either the Rules of Criminal Procedure or the Federal

Sentencing Commission or the guidelines that have been

issued by the United States Sentencing Commission or of

the Rules of Evidence.   He feels he has some knowledge

regarding the rules of contract but not the Rules of

Evidence, understands that those technical rules will

be applied whether he's representing himself or is

represented by counsel at trial.   And understands, I'm

sure, the Court's view that he is very ill advised to

represent himself in this matter, although he does

have, as do all persons, a constitutional right to

represent himself.   So that colloquy has been had.

Is there anything that the Government wishes to

put on the record at this time or any concerns that you

have?

MR. CHAPMAN:   Not with respect to the Court's

advisement of his rights, but I would want to review

1    the transcript at a later time and look for myself, but

2    nothing at this time.  I do want to bring to the

3    Court's attention --

4           THE COURT:  Well, I've sealed the transcript

5    of the colloquy --

6           MR. CHAPMAN:  I thought you said it was

7    unsealed.

8           THE COURT:  I'm sorry?

9           MR. CHAPMAN:  I thought you said it was

10   unsealed.

11          THE COURT:  It's unsealed as of the time you

12   came in.

13          MR. CHAPMAN:  All right.  I have nothing to

14   add to that, nothing for the Court to add to that.

15          THE COURT:  Okay.  You were starting to say

16   something else?

17          MR. CHAPMAN:  Yes, before we adjourn, I'd like

18   the Court to go over with the defendant his obligations

19   under the bail agreement he signed, because he's

20   written some material that he's posted on his website.

21          THE COURT:  All right, let's hold off a

22   second.  So on the pending motion, which is the motion

23   to withdraw, I am going to find at this time that David

24   Robinson has knowingly and voluntarily waived his right

25   to counsel; therefore, I will permit you, Mr. Robinson,

```
 1    to represent yourself in this matter.  You do have the

 2    constitutional right to represent yourself.  I'm sure

 3    you understand, I think it's -- what you are doing is a

 4    very bad decision on your part, and certainly if you

 5    change your mind at any time, as you indicated you did,

 6    even if it's an hour from now, the Court will appoint

 7    counsel.

 8         In the meantime, however, I am going to appoint

 9    Mr. Vincent as your stand-by counsel.  Mr. Vincent, are

10    you willing to continue on as stand-by counsel?

11         MR. VINCENT:  Certainly, Your Honor.

12         THE COURT:  The Court appreciates that very

13    much.  So Mr. Vincent will be appointed as your

14    stand-by counsel, which means he'll be available as a

15    resource for you and as someone who will continue to

16    stay familiar with this case, but he will not be

17    speaking for you.  Until the Court indicates otherwise,

18    you will be representing yourself in this matter.

19         All right, Mr. Chapman, there's an issue with

20    regard to Mr. Robinson's bail conditions?

21         MR. CHAPMAN:  Not in respect to the

22    conditions, Your Honor, I just want the Court --

23         THE COURT:  Well, compliance with the bail

24    conditions.

25         MR. CHAPMAN:  I just want the Court to have a
```

1    discussion with the defendant to get him to reaffirm

2    that his signature is still good on that bail

3    agreement.  He's written some material, some of which

4    he's posted on his website, that suggests that his

5    signature is not good anymore, that from the age of my

6    consent to the date affixed below, I have never signed

7    a contract knowingly, willingly, and intentionally and

8    voluntarily whereby I have waived any of my natural

9    common law rights.  And he goes on to say that nothing

10   that he signed should be construed in any way to give

11   any agency or department of any federal or state

12   government authority venue or jurisdiction over me.

13   And I'll make a copy of this Government Exhibit 1.

14           THE COURT:  Well, hang on a second.  Two

15   things.  First, this isn't a bail revocation hearing.

16   This is a hearing on a motion to withdraw.  So if

17   there's an issue pertaining to Mr. Robinson's

18   compliance with his bail, that will have to be brought

19   up at a separate time.

20       But let me ask, which is my second point or

21   question, is there any -- other than the fact that

22   Mr. Robinson is writing things on his website saying

23   that his signature doesn't count, has he not complied

24   with a condition of bail in this matter?

25           MR. CHAPMAN:  Not that I'm aware of, Your

1    Honor.

2        THE COURT:  My suggestion would be that, if

3    Mr. Robinson is complying with the conditions that this

4    Court has imposed, whether he's exercising his free

5    speech rights and indicating that his signature isn't

6    his signature is frankly immaterial.  Isn't the Court's

7    concern -- shouldn't the Court's concern be whether or

8    not he's complying, and if he's complying isn't that

9    sufficient?

10        MR. CHAPMAN:  Well, I think the Court should

11    be concerned as to whether or not he intends to comply

12    in the future.  This is something he posted

13    October 22nd.  And, just as the Court did the day he

14    signed the bail order or the bail agreement, I think

15    it's appropriate at this time for him to -- ask him

16    whether he still intends to live up to the agreement

17    that he agreed to on the day of his initial appearance.

18        THE COURT:  Well, I don't agree with that.  I

19    think that as long as -- Mr. Robinson, you understand

20    that I entered an order setting conditions for your

21    release, in other words, your freedom between now and

22    the date of your trial, which is currently scheduled

23    for December 1st.  You understand that, right?

24        THE DEFENDANT:  Yes, nothing's changed except

25    for the letter of dismissal.

1          THE COURT:  And as long as Mr. Robinson is

2    complying with those conditions, frankly, the Court's

3    much more concerned about his actions than his words.

4    What he wants to post on his website is his business,

5    as long as it doesn't consist -- doesn't rise to the

6    level of some sort of contempt of court.  The important

7    thing is that he's complying with the conditions that

8    the Court has imposed.  Obviously, Mr. Chapman, the

9    Government's free --

10          THE DEFENDANT:  I would like to make a

11    comment.

12          THE COURT:  Just one second.  Mr. Chapman, the

13    Government's free to file whatever motion it wishes if

14    it feels that Mr. Robinson is not complying.

15       Okay, Mr. Robinson, you don't have to say

16    anything, but if you want to say something you may.

17          THE DEFENDANT:  I would like to make this --

18    this comment to the IRS.  Prosecuting me because of

19    outspokenness may not be quite appropriate and

20    honorable.

21          THE COURT:  All right.  Anything else?

22          MR. CHAPMAN:  No, Your Honor.

23          THE COURT:  Okay.  All right, thanks very

24    much, we'll be in recess.

25                    (Time noted:  12:01 p.m.)

<u>**C E R T I F I C A T I O N**</u>

I, Lori D. Dunbar, Registered Merit Reporter, Certified

Realtime Reporter, and Official Court Reporter for the

United States District Court, District of Maine,

certify that the foregoing is a correct transcript from

the record of proceedings in the above-entitled matter.

Dated:  January 15, 2016

<u>/s/ Lori D. Dunbar </u>

Official Court Reporter